*E-Filed: December 18, 2014*

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| WEBPASS INC., <br><br>　　　　Plaintiff, <br>　v. <br><br>AFTAB BANTH; et al., <br><br>　　　　Defendants. <br>_____/ | No. C14-02291 HRL <br><br>**ORDER REQUESTING SUPPLEMENTAL BRIEFING FOR PLAINTIFF'S MOTION FOR ORDER AUTHORIZING SERVICE OF SUMMONS AND COMPLAINT BY PUBLICATION** <br><br>**[Re: Docket No. 10]** |

　　　　Webpass Inc. sues Aftab Banth, Rick Peters, and Squareplanet LLC for trade secret misappropriation and related claims. On September 12, 2014, Webpass filed the present motion for an order authorizing service of summons and complaint by publication. Dkt. No. 10. Plaintiff requests an order allowing it to serve Defendants by publishing a notice about the pendency of this action in the USA Today. Banth has subsequently filed a Notice and Acknowledgment of Receipt of Summons and Complaint. Dkt. No. 20. This motion is now moot as to Banth. A hearing was initially held on October 21, 2014, then continued to December 16, 2014.

　　　　Pursuant to Rule 4(e)(1) of the Federal Rules of Civil Procedure, service upon an individual may be effected in any judicial district of the United States by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." The same rule applies to service in any judicial district of the United States upon a corporation, partnership, or unincorporated association. *See* Fed. R. Civ. P. 4(h)(1)(A). Notice must be "reasonably calculated, under all the circumstances, to apprise interested

parties of the pendency of the action and afford them an opportunity to present their objections" in order to comply with due process. *Mullane v. Cent. Hanover Bank & Trust Co.,* 339 U.S. 306, 314 (1950).

Pursuant to Rule 4(e)(1), the Court looks to California law to determine the sufficiency of the proposed service of process. California law allows for alternative service under certain circumstances. For example, California law permits service by publication if: (1) "upon affidavit it appears to the satisfaction of the court . . . that the party to be served cannot with reasonable diligence be served in another manner" and (2) "[a] cause of action exists against the party upon whom service is to be made." Cal. Civ. Proc. Code § 415.50(a)(1). Service by publication is disfavored and permitted only "as a last resort." *See Donel, Inc. v. Badalian,* 87 Cal. App. 3d 327, 332 (1978).

In regards to the second requirement, Section 415.50(a)(1) requires that the plaintiff provide independent evidentiary support, in the form of a sworn statement of facts, for the existence of a cause of action against each defendant whom service by publication is requested. *See Harris v. Cavasso,* 68 Cal. App. 3d 723, 726 (1977) (holding that Section 415.50(a)(1) requires "an affidavit containing a statement of some fact which would be legal evidence, having some appreciable tendency to make the [the cause of action] appear, for the Judge to act upon before he has any jurisdiction to make the order" authorizing service by publication).

Here, Webpass has failed to satisfy the requirements of Section 415.50(a)(1). Specifically, Webpass has not provided independent evidentiary support, in the form of a sworn statement of facts, for the existence of a cause of action against each defendant whom service by publication is requested. Accordingly, Webpass is ordered to file a supplemental brief, along with the required evidentiary support for the existence of a cause of action against each defendant whom service by publication is requested, within fourteen (14) days of the date this order is filed.

**IT IS SO ORDERED.**

Dated: December 18, 2014

HOWARD R. LLOYD
UNITED STATES MAGISTRATE JUDGE

**C14-02291 HRL** **N**otice will be electronically mailed to:

Bonnie Jean Wolf     bonniewolf@iplg.com

James Edward Doroshow     jdoroshow@foxrothschild.com, jochoa@foxrothschild.com

Jeffrey Stephen Kravitz     jskravitz@foxrothschild.com, clebrane@foxrothschild.com

Otto Oswald Lee     olee@iplg.com, patent_docket@iplg.com, tm_docket@iplg.com

**Counsel are responsible for distributing copies of this document to co-counsel who have not registered for e-filing under the court's CM/ECF program.**